## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **THE SCARLET CLUB, LLC,** : | |
| : | Case No. 2:25-cv-01218 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | MAGISTRATE JUDGE JOLSON |
| **POINT ON LANE PARTNERS, LLC** : | |
| : | |
| **Defendant.** : | |

### OPINION & ORDER

This matter comes before this Court on Plaintiff The Scarlet Club, LLC's Motions seeking Remand to state court, a Temporary Restraining Order, and Attorneys' Fees. (ECF No. 6). For the following reasons, this Court lacks diversity jurisdiction, and **REMANDS** the case.

### I.  BACKGROUND

Since 2018, Scarlet Club leased part of a building in Columbus for a social club, where club members could entertain clients and watch the Ohio State Buckeyes during the college football season. Scarlet Club's current lease ends in June 2026. In July 2025, Defendant Point on Lane Partners, LLC purchased the building out of receivership and assumed the lease. Shortly thereafter, Point on Lane sought to amend the lease, seeking a January 2026 termination. When Scarlet Club did not agree, Point on Lane changed the building rules, ultimately terminating Scarlet Club's lease based on violations of those new rules. Scarlet Club sued in Franklin County's Court of Common Pleas and Point on Lane removed the case to this Court, invoking federal jurisdiction based on diversity of citizenship. (*See* ECF No. 9 at 1–2).

At first, it was unclear whether complete diversity of the parties existed when the case was removed. Point on Lane's disclosure statement filed pursuant to Federal Rule of Civil Procedure

7.1 was incomplete (Point on Lane did not list the membership of its member limited liability companies) and improperly asserted Scarlet Club's citizenship based upon information and belief. (ECF Nos. 1-3; 1 at 2).  Scarlet Club sought remand to state court but also moved this Court for emergency relief via a temporary restraining order, indicating that it would request a preliminary injunction later.  (ECF No. 6 at 12 n.2).  Scarlet Club did not include a Rule 7.1 disclosure statement with its Motions.  This Court immediately ordered the parties to file complete Rule 7.1 disclosure statements and scheduled a preliminary conference for October 24, 2025.  (ECF No. 9 at 6).  Once the parties filed their disclosures, it appeared complete diversity existed.  Scarlet Club's statement (ECF No. 10) showed that its membership consisted solely of Ohio citizens, and Point on Lane's supplemental statement (ECF No. 11) suggested that its members and submembers consisted of only Michigan citizens.

So why can't this ostensible Michigan—Ohio dispute be heard in federal court?  One of Point on Lane's members is Sarnia Holdings LLC.  Sarnia Holdings has five members; all are trusts.  Four of those trusts list Scott A. Chappelle as their sole trustee.  Point on Lane claims that Mr. Chappelle is a citizen of the state of Michigan.  If that were the case, and assuming Point on Lane's other submember citizenship representations are correct, complete diversity would exist between the parties.  But during the preliminary conference, the Court learned information about Mr. Chappelle's domicile demonstrating that Point on Lane had fumbled its assertion of complete diversity.  Despite claims that he is a Michigander, this Court determines that Mr. Chappelle is in fact domiciled in the Buckeye state.  That he transmogrified from Michigander to Buckeye, and that such transmogrification is decreed during the fall, strains the credulity of football-loving Michiganders and Buckeyes alike.

## II. STANDARD OF REVIEW

An individual's citizenship, for the purposes of diversity jurisdiction, is equated with domicile. Domicile is not synonymous with a person's residence—a person can only have one jurisdictional domicile. *Persinger v. Extendicare Health Servs., Inc.*, 539 F. Supp. 2d 995, 996 (S.D. Ohio 2008). An individual becomes domiciled in a state when they are both: (1) "'physically present'"; and (2) intend to remain there "'indefinitely'" or do not intend "'to make . . . home elsewhere.'" *Cardinal Health 110, LLC v. Talla*, 2025 WL 1373316, at *2 (S.D. Ohio Mar. 31, 2025) (quoting *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973)). The party invoking diversity jurisdiction bears the initial burden of proving citizenship and once shown, the burden shifts to the opposing party to demonstrate, by a preponderance of the evidence, that domicile changed. *Persinger*, 539 F. Supp. 2d at 997. Courts consider a "variety of factors indicating the extent of a . . . party's ties to the purported domicile," including residence, location of personal and real property, and place of business or employment; other factors include voting registration, locations of bank accounts and brokerages, societal memberships and associations, driver licenses, automobile registration, and payment of taxes. *Id.* (citing 13B Wright & Miller's Federal Practice and Procedure § 3612 (2d ed. 1984)).

## III. LAW & ANALYSIS

Point on Lane claims that Mr. Chappelle is a citizen of the state of Michigan. Scarlet Club suggests he is in fact domiciled in Ohio. At the conference, Mr. Chappelle appeared before the Court and represented that although he has currently been in Ohio for eight years, works here, lives here, and owns a house here where he lives with his fiancée, he does not intend to live here indefinitely. Instead, he characterized his presence in Ohio as work-related. He further represented that he previously lived in East Lansing, Michigan, has a Michigan driver license, pays

3

Michigan taxes, and maintains a residence in Traverse City, Michigan. According to Chappelle, he is back in Michigan every other week. His mother resides at his house in Traverse City and he frequently visits her. He maintains personal property at that house. Point on Lane's counsel suggested Mr. Chappelle might intend to return to the state of Michigan in the future.

Scarlet Club directed the Court to an August 29, 2024 Order from the Western District of Michigan and a September 4, 2024 Order from the Southern District of Ohio. In the August Order, the Western District of Michigan transferred jurisdiction of Mr. Chappelle's probation for a 2022 tax evasion guilty plea to the United States District Court for the Southern District of Ohio because Mr. Chappelle represented to probation, and probation represented to the court, that Chappelle's supervision should be transferred because he "owns a residence in [the] Southern District of Ohio, *and has no plans of returning to the Western District of Michigan*." Transfer of Jurisdiction, *United States v. Chappelle*, Case No. 24-cr-131, ECF No. 1 (S.D. Ohio Sept. 4, 2024) (emphasis added).

While Mr. Chappelle's transfer of jurisdiction is not dispositive, it is a document of consequence. It is not probative of Mr. Chappelle's present intent, but based on Mr. Chappelle's representations to this Court, it is reflective of his intent at that time. Thus, while the Transfer of Jurisdiction only suggests Mr. Chappelle *may* have intended to make Ohio his domicile in 2024, it shows that at least a year ago, it was decidedly *not* his intent to be domiciled in Traverse City, Michigan, or to return to the Western District of Michigan at all.

With that in mind, and weighing the other factors, this Court determines that Mr. Chappelle's domicile is the state of Ohio. Little credence is given to any suggestion from Mr. Chappelle that, despite his presence in Ohio for the past eight years, he has not intended to reside here permanently because he maintains a residence in Traverse City. His suggestion of intent

4

contradicts what he represented to the Western District of Michigan just one year ago. This Court must evaluate domicile "in terms of objective facts, [and] . . . statements of intent are entitled to little weight when in conflict with facts," *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir. 1985) (citation and internal quotation marks omitted), or "actual conduct." *McKinney v. Mendoza*, 2023 WL 4830587, at *5 (E.D. Mich. July 27, 2023). Mr. Chappelle voluntarily moved to Ohio, conducts business in Ohio, has a house in Ohio, and lives in Ohio with his fiancée. In 2024, he had his probation transferred to this district from the Western District of Michigan and represented that he had no plans of returning to the Western District of Michigan. He moved his mother into his house in Traverse City; he may visit his mother frequently, he may keep personal property with her, and he may still own the real property, yet the other factors, taken as a whole, decisively favor finding Ohio as his domicile. Mr. Chappelle may not be a fan of Scarlet Club, but for this Court's purposes, he is a Buckeye.

## IV.     CONCLUSION

Mr. Chappelle is an Ohio citizen for purposes of determining diversity and therefore this Court lacks jurisdiction over this matter. Defendant's removal of the case to the United States District Court from the Franklin County Court of Common Pleas was improper. This Court **GRANTS** Plaintiff's Motion to Remand and **REMANDS** the case back to the Franklin County Court of Common Pleas. Plaintiff's Motions for a Temporary Restraining Order and Attorneys' Fees for improper removal are **DENIED** and this case is **DISMISSED** for lack of jurisdiction.

The Clerk of Court is **DIRECTED** to terminate this case and send a copy of this Order to the Franklin County Court of Common Pleas.

**IT IS SO ORDERED.**

                                                  **ALGENON L. MARBLEY**
                                                  **UNITED STATES DISTRICT JUDGE**

**DATED:  October 27, 2025**